Our second case this morning is No. 23-1749, Smith v. Hunter. Okay, Mr. Carpenter. May it please the Court, Kenneth Carpenter appearing on behalf of Mr. Josiah Smith. Mr. Smith is a substituted appellant under the provisions of 38 U.S.C. 5121 A and was substituted by the agency in a pending board appeal that was dismissed following the death of his father. The issue that this case presents is a legal question of whether or not there is a legal difference, a substantive legal difference, between the regulatory requirements of 38 CFR 3.156 C and the reopening requirements of 3.156 A. But there's a predicate question as to whether it's moot. Maybe you should address that. I was about to say, before we get into the substantive matters, I will address both the mootness and the harmlessness arguments of the government. The secretaries below argued in a case called Frazier v. McDonough. After the briefing was done, that case was completed and the secretary persuaded the lower court that the expenses of a person as a substitute appellant, such as Mr. Joshua Smith in this case, who paid the last expenses of his father, was an accrued benefit beneficiary under 5121 A.6, was not entitled to be paid the full amount of an award under 5121 A. The secretary has now appealed that decision, but on different grounds. Ms. Frazier, a similar substituted appellant to Mr. Smith in this case, has cross-appealed and that matter is currently pending before this court. And therefore, the issue of mootness is simply not possible until there is a resolution of that legal question either by the panel that's been assigned or if this panel wishes to address the issue. OK, so but why doesn't 5121 A, which is the substitution provision that was in play here, require that you be eligible under 5121 Parense? That's not the issue, Your Honor. The issue is whether or not having been substituted, the VA itself substituted Joshua Smith in the case in order to complete the appeal that was pending at the time of his father's death and that was dismissed. I don't understand what you're saying. 5121 specifically refers over to eligibility under 5121. It does, Your Honor, but that's all it says, that that is an eligibility requirement and there are something like six different eligibility requirements, the last of which is that a individual or the expenses of the veteran and that those expenses can be reimbursed under 5121 small A as an accrued benefit. OK, I don't understand. I mean, there's no question that the funeral expenses, which is the only thing your client is now entitled to, are far less than the amount that has already been recovered, right? And that's the issue in Frazier, whether or not it's the issue here. It is, Your Honor, and therefore, if this panel wishes to reach that question, I believe that this panel needs to have supplemental briefing on that issue because this matter was not briefed other than the veteran, or excuse me, the secretary, making that assertion in his brief on a case that had yet to be decided. And so there was not a dispositive legal determination. What's the answer to the secretary's contention? What's the legal answer to the secretary's contention that this is moot because the amount that your client can recover is less than has already been allocated to him? Because the proceeding that was before the Veterans Court that was disposed of by the decision on appeal was a decision on a pending appeal, and that pending appeal has not been fully resolved. It was partially resolved by the board and resulted in an earlier effective date being assigned, which the VA then treated incorrectly as accrued benefits. Those are not accrued benefits. Mr. Kramer, I'm baffled. I don't understand what you're saying. I'm sorry. I just don't understand. Why is it that your client can recover more than the funeral expenses? Because the secretary interpreted 5121A's language at 38 CFR 3.1010a and said any benefits ultimately awarded or payable to a substitute shall be paid to the substitute. It doesn't have any qualifying language relative to A6. That is because the secretary correctly interpreted 5121A as a separate cause of action, which is to complete a pending claim or appeal before the agency when the veteran dies during the pendency of that claim or appeal. That is a separate cause of action from the preexisting statutory cause of action for an accrued benefit under 5121A. And that statute has a limitation on the recovery for the A6 category, and those individuals are limited to the amount of expenses. Which happens to include your client. But includes my client as an already substituted claimant. He has been recognized by the VA. This is not a case of whether they should or should not be recognized. The VA recognized Joshua Smith as the substituted appellant. The board made an unfavorable decision. He appealed that decision. He got a decision. That decision was adverse to Joshua Smith as the substituted appellant because he was entitled to get a full recovery of all of those benefits, which was not decided by the Veterans Court. Because they determined that based upon a misinterpretation of 3.156C that the board could merely allude to or reassess in the words of the Veterans Court at Appendix A in their decision. Regardless of whether they made a specific finding. But a specific finding is required by the plain language of 3.156C1. 3.156C1 is a threshold regulation that has three parts to it. In part one, the secretary must decide whether the service department records are relevant. If they are relevant, then and only then is reconsideration undertaken. That C1 step was never made by the secretary. That's the legal argument you're bringing up. That's correct. Get back to mootness because I don't think you resolved that. Are you saying that the case Frazier-McDonough, that that helps you? As written by the Veterans Court, no. But it is pending before a panel of this court. In that case, the Veterans Court interprets 5121A6 to say that when accrued benefits recipients, that's your client, they're limited to reimbursement for the last expenses of sickness and burial and nothing more. Your Honor, respectfully, that is not correct. That is not what the statute says. That statute says that for an accrued benefit claim. That's what the Veterans Court has ruled, correct? I beg your pardon? The Veterans Court has ruled that. Yes, but they were interpreting the accrued benefit statute, not the substitution statute. Under the correct interpretation of the substitution statute, as the secretary has correctly interpreted at 3.1010A. Does this not address the extent of benefits that your client is entitled to? It limits them. It's not saying your client's not entitled to benefits. It is entitled to benefits, but it's limited. And that is true only for accrued benefit claimants. He is not an accrued benefit claimant. He is a substituted claimant. And the VA has refused to recognize that Congress created a new category of claimants. Those claimants are the survivors who are able to be substituted under the statute that Congress wrote for a separate cause of action. And that separate cause of action contains no limitation. That is the issue in Frazier. The separate cause of action is created by what? 5121 capital A? Correct. Your problem is 5121 capital A specifically says that the benefits allowed are to be governed by the other statute, 5121. Respectfully, Your Honor, it does not say that. What 5121 A says is in order to qualify as a substitute, you must be eligible under 5121 small a. He was eligible. They found him eligible. But then they adjudicated following the board decision on appeal a determination that he was entitled to accrued benefits. He's not an accrued benefit claimant. His claim is on behalf of his deceased father under a statutory provision that Congress added to modify and extend the ability of qualified accrued benefit claimants to proceed to complete a pending appeal. I see that I'm into my rebuttal time. I'd like to reserve the rest of the questions for the panel. Okay. Mr. Pierce. Thank you, Your Honors, and may it please the court. This court should dismiss this appeal because it is moot. Alternatively, this court should affirm the Veterans Court's decision. With respect to the mootness conversation that we just had, Your Honors, I think it's important to remember the context of the relationship between section 5121 capital A and section 5121 lowercase a. Congress, as a general rule, when a veteran dies, the veteran's claim for benefits also terminates. Section 5121 lowercase a is an exception to that general rule for accrued benefits claimants. Then, in 2008, Congress enacted a law that adopted section 5121 capital A to allow for substitution of one of the individuals who's eligible under section 5121 lowercase a within the six subsections listed below that in order for claim processing. Section 5121 that's expressed as 5121A, does that exception apply to substituting plaintiffs? Section 5121 capital A, yes, permits the substitution of plaintiffs. But if you look at this court, the language of the statute, this court's precedent, and the legislative history, they all indicate that the purpose of section 5121 capital A was for claims processing so that people who were accrued benefits claimants under section 5121 lowercase a would not have to start at the back of the line when processing or making and then having claims processed. Instead, they could stand in for the veteran who had a case that had been developed and then be allowed to proceed from there. This court's decision, this court has decided in multiple cases that that was the purpose of section 5121 capital A. For example, in Cruz, the court said, but in 2008, to remedy the inefficiencies and delays from restarting the process, Congress enacted section 5121 capital A to allow there a surviving spouse to be substituted as a claimant. In Rusick v. Gibson, this court also said section 5121 capital A was meant to address the problem of survivors who were not allowed to substitute on a veteran's pending claim and were thereby forced to restart the claim at the back of the line. This case is also set to the House report at issue, which also, again, just discussed the timing. Section 5121 capital A was not intended to be a drastic extension of rights. We were discussing earlier. I don't understand why you have to talk in generalities. The specific language of 5121 capital A says that you refer to 5121 lowercase to determine the extent of the benefits to which they can claim. Agreed, Your Honor. And as the Veterans Court in Fraser, where there has been a notice of appeal but briefing has not yet occurred, the Veterans Court in that case specifically said that to adopt, they were speaking with respect to Ms. Fraser, but here Mr. Smith, which is a similar reasoning, to adopt that reasoning would allow a pay-for-profit scheme, whereby an individual would be able to just spend a minimal amount of money assisting with perhaps the last funeral expenses, and then, according to Mr. Smith's reasoning, be entitled to proceed and get the benefits to the entirety of a veteran's potential claim. There's no support for that within the court's history regarding section 5121 capital A. And as Your Honor just mentioned, section 5121 capital A refers back to section 5121 lowercase. We're supposed to look at the language. You look at the language. The language is clear, isn't it? Yes, Your Honor. And in fact, right at the end of section 5121 capital A, subsection A1, that says, to file a request to be substituted as a claimant for the purposes of processing the claim to completion. And then section B limits it to those who are eligible under the section in accordance with 5121 of this title. It's simply a substitution provision, and it refers back to section 5121 lowercase a. And notably, Congress did not repeal section 5121 lowercase a either. There are not two independent provisions which would entitle an individual to seek benefits. There's been the language, the legislative history, the House report, and this court's precedent all make that point clear. Now, Mr. Smith did not address the merits of his claim. The government is content to rely on its briefing with respect to that as well, unless Your Honors has any further questions. Okay. Okay. Thank you, Mr. Pierce. Thanks. Mr. Carpenter, you've got a little over four minutes left. Your Honor, I believe that the government has mischaracterized the difference between the two causes of action that Congress created. The first cause of action is what this court has called a derivative claim, so that a qualifying accrued benefit beneficiary under 5121a is able to claim a derivative claim based upon the monies that were due and owing at death. Under substitution, for the first time in the history of VA law, there is a statutory provision to substitute into an appeal or claim that was pending at time of death. That creates a new and separate cause of action based upon those who are eligible under 5121a. There is no reference by Congress to subsection a6. Congress, if they had intended to limit substitution recovery for a6 eligible accrued benefit beneficiaries, then Congress would have said that. They have demonstrated the ability to impose a limitation on the preexisting statute at 5121a6. I would point out to this court further that the appeal in this case was for the denial of entitlement to both special monthly compensation, which is separate from an accrued benefit case, as well as the effective date of the grant of PTSD. Assume that we were to accept your substitution argument, your accrued beneficiary versus your substituted petitioner. That doesn't change the amount that you can recover, right? Yes, it does, Your Honor, because a substituted claimant under the Secretary's own regulation is entitled to receive any benefits. There is no qualification on the Secretary's interpretation of 5121A in his regulatory interpretation at 3.1010. 3.1010 specifically addresses the amount of recovery to be paid, and it says any benefits. There is no qualification in that language. Now, I recognize that this is a fundamental shift in the way in which the VA has operated for decades. But the fact is that this case is dependent, as is the Frazier case, on the proper interpretation of 5121. And I believe that it would be unfair to Mr. Smith for this court to make a determination on an issue that is currently pending in front of another panel. I would also like to point out in the time I have remaining that in Frazier, the appeal made by the government is because the Veterans Court in Frazier decided that the board was incorrect, that substituted claimants could recover for non-periodic monetary benefits. And that was specifically automobile and housing benefits as a special monthly compensation benefit. That is the appeal that is being taken by the government in Frazier. The appeal being taken by Ms. Frazier in the cross appeal is the adverse decision, which we believe quite candidly was dicta, that that is the way to interpret the statute. That issue was not before the panel. It was not briefed by the parties. And yet the... You say this is a major shift in VA law. It is, most certainly. It is a seismic shift, Your Honor. What exactly caused the shift? What is it, the cases pending before this court now? Well, cases pending before this court, but the cases that were previously decided by this court in a whole series of cases in which this court said that the right to proceed after death was covered by 5121 small a. And that is now no longer the law. If it's covered by 5121 small a, that has limits about how much you can recover. How do you get around those limits? When specifically 5121 large a refers you over to the other statute. But it only does so for the a portion for eligibility purposes. That's exactly what happened here. That's exactly what happened in Frazier, is that these persons were substituted to complete an appeal. Mr. Smith is now being denied the opportunity to complete an appeal on the basis that this case is now moot. And that simply cannot be true based upon the intent of Congress in creating that statute. I thank you very much. Okay. Thank you, Mr. Carpenter. Thank both counsel. The case is submitted.